Thomas Edward Spangler v. Tex. Dept. of Protective & Regulatory Services















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-210-CV

     THOMAS EDWARD SPANGLER,
                                                                              Appellant
     v.

     TEXAS DEPARTMENT OF PROTECTIVE
     AND REGULATORY SERVICES,
                                                                              Appellee
 

From the 19th District Court
McLennan County, Texas
Trial Court # 95-4209-1
                                                                                                                

CONCURRING OPINION
                                                                                                                

      Although I agree with the majority’s decision to affirm the termination of Spangler’s parental
rights, I question their decision to adopt a higher standard of review for factual sufficiency points
when the burden of proof at trial is by “clear and convincing evidence.” As I recently articulated
in In re D.L.N., another termination proceeding, I believe appellate courts should continue to
apply the traditional factual sufficiency standard established by the Supreme Court. In re D.L.N.,
No. 10-97-178-CV, slip op. at 10-12 (Tex. App.—December 23, 1997, no pet. h.). 
      The purpose of a factual sufficiency review is to determine whether the appellant is entitled
to a new trial because, after looking at all the evidence, it appears that the jury’s answer is so
against the great weight and preponderance of the evidence as to be clearly wrong and unjust. See
Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Pool v. Ford Motor Co., 715 S.W.2d 629, 635
(Tex. 1986); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King’s Estate, 244 S.W.2d
660, 661-62 (Tex. 1951). This method of evaluating the factual sufficiency of the evidence, which
has been directed by the Supreme Court in the cases cited above, appropriately balances the
appellate court’s need to review the weight of the evidence presented at trial while it prevents the
reviewing court from simply substituting its judgment for that of the factfinder. We have said
many times that the factfinder has the responsibility to resolve any disputes about the weight and
credibility of the evidence presented at trial, and I believe the factfinder’s decision should not be
second-guessed on appeal unless it is so against the great weight and preponderance of the
evidence as to be clearly wrong and unjust. See Libhart v. Copeland, 949 S.W.2d 783, 803 (Tex.
App.—Waco 1997, no writ); Jacobs-Cathey Co. v. Cockrum, 947 S.W.2d 288, 295-96 (Tex.
App.—Waco 1997, writ denied); Lance v. USAA Ins. Co., 934 S.W.2d 427, 428-29 (Tex.
App.—Waco 1997, no writ); see generally Lucas v. Texas Dep’t of Protective and Regulatory
Services, 949 S.W.2d 500, 502 (Tex. App.—Waco 1997, pet. denied). 
      The majority’s decision to adopt a higher standard of review relies on the fact that a
termination of parental rights must be proved at trial by “clear and convincing evidence” and not
simply by a preponderance of the evidence. However, I do not find this distinction to be a
convincing reason to re-formulate the factual sufficiency standard of review set by the Supreme
Court. As I discussed in D.L.N., criminal cases have an even higher burden of proof at trial,
“beyond a reasonable doubt,” but on appeal we continue to apply the traditional factual sufficiency
standard of the Supreme Court which was adopted by the Court of Criminal Appeals in Clewis v.
State, 922 S.W.2d 126, 129, 131 (Tex. Crim. App. 1996) (stating that their decision
“harmonize[d] the criminal and civil jurisprudence of this State with regard to appellate review
of questions of factual sufficiency”); In re D.L.N., 10-97-178-CV, slip op. at 12. 
      Consequently, because I disagree with the majority’s decision to adopt a higher factual
sufficiency standard of review for termination cases, I cannot join the court’s opinion. However,
I wholeheartedly agree with the majority’s conclusion that Spangler’s parental rights should be
terminated either under the traditional factual sufficiency standard which I have urged or under
the higher standard utilized by the majority. 
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice


Opinion delivered and filed February 4, 1998
Publish