In the Interest of S.B., R.B. and J.B. Children

















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-295-CV

     IN THE INTEREST OF S.B., R.B.
     AND J.B., CHILDREN,

 

From the 361st District Court
Brazos County, Texas
Trial Court # 7770-CV-361
                                                                                                                

O P I N I O N
                                                                                                                

      Appellee, the Texas Department of Protective and Regulatory Services (“DPRS”), filed suit
to terminate the parental rights of appellants Debbie Bailey and Richard Bailey, Sr. (collectively
referred to as “the Baileys”). DPRS alleges that the Baileys knowingly placed or knowingly
allowed their children to remain in conditions or surroundings which endangered the physical or
emotional well-being of the children. See Tex. Fam. Code Ann. § 161.001(1)(D) (Vernon Supp.
1998). DPRS further alleges that Debbie has a mental deficiency which renders her unable to care
for her children. Id. § 161.003 (Vernon 1996). The court found that the Baileys had engaged in
the conduct alleged and that termination was in the best interest of the children. Id. § 161.001(2)
(Vernon Supp. 1998). The court signed a decree terminating the Baileys’ parental rights.
      The first and second issues presented allege that there is insufficient evidence to show that
Richard and Debbie knowingly placed or knowingly allowed the children to remain in conditions
or surroundings which endangered the physical or emotional well-being of the children. Issue two
further argues that because there was evidence that Debbie had a mental deficiency, she could not
have engaged in the conduct knowingly. 
      Issue three alleges that parental rights were terminated erroneously between a Walter Ray
Robbins, who is not a party on appeal, and R.B. Debbie is the mother of S.B., R.B., and J.B. 
Richard is the father of R.B. and J.B. The court found that the biological father of S.B. is Walter
Ray Robbins who was served by publication and did not appear at trial except through an
appointed attorney. Although the termination decree correctly states that Robbins is the father of
S.B., it erroneously terminates the parent-child relationship between Robbins and R.B. 
      The Baileys and DPRS agree that the judgment should be reformed to show that the parent-child relationship is terminated between Robbins and S.B. Therefore, we modify the judgment
to reflect that the parent-child relationship is terminated between Walter Ray Robbins and S.B. and
delete the part which terminates the parent-child relationship between Robbins and R.B. See Tex.
R. App. P. 43.2(b). Thus, we sustain the third issue presented.
SUFFICIENCY OF THE EVIDENCE 
      The first and second issues presented for our review allege that the court’s finding of fact,
specifically that the Baileys knowingly placed or knowingly allowed the children to remain in
conditions or surroundings which endangered their physical or emotional well-being, is not
supported by sufficient evidence.



      When we consider a legal sufficiency complaint, we consider only the evidence and inferences
which tend to support the contested issue and disregard all evidence and inferences to the contrary. 
Havner v. E-Z Mart Stores, Inc., 825 S.W.2d 456, 458 (Tex. 1992); Lucas v. Texas Dep’t of
Protective & Regulatory Servs., 949 S.W.2d 500, 502 (Tex. App.—Waco 1997, writ denied). We
uphold the verdict if we find any probative evidence supporting the contested issue. Southern
States Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989); Lucas, 949 S.W.2d at 502. 
      DPRS had to prove its case at trial by clear and convincing evidence. In re G.M., 596
S.W.2d 846, 847 (Tex. 1980). We have recently adopted the intermediate standard of review of
factual sufficiency issues where the trier of fact is required to make the finding by clear and
convincing evidence. Spangler v. Texas Dep’t of Protective and Regulatory Servs., No. 10-97-210-CV, slip op. at 5, 1998 WL 41642, at 3* (Tex. App.—Waco Feb. 4, 1998, n. pet.). The
review standard is whether, considering all of the evidence, the trier of fact could reasonably find
the existence of a fact to be established by clear and convincing evidence. Dyson v. Olin Corp.,
692 S.W.2d 456, 457 (Tex. 1985) (must consider and weigh all evidence in a factual sufficiency
challenge); Spangler, slip op. at 5, 1998 WL 41642, at 3*. We apply the intermediate standard
of review to factual sufficiency challenges only and not to legal sufficiency challenges. See Justice
Bill Vance, The Clear and Convincing Evidence Standard in Texas: A Critique, 48 Baylor Law.
Rev. 391, 413 (1996). 
      Ellen Contreras, a Child Protective Services (“CPS”) caseworker, testified that CPS began
working regularly with the Baileys after R.B. was born in December of 1992 because he was
premature and the hospital staff did not feel that the Baileys could adequately care for him. The
Baileys had not completed an application for S.B. to receive Medicaid benefits for which he was
qualified. Contreras said that she gave the Baileys a H.U.D. application to obtain suitable housing
which they never filled out. CPS arranged and provided transportation to doctor appointments for
S.B. and R.B., and if transportation was not provided, the appointments were often missed. 
Contreras testified that on one occasion she visited the home and S.B. was very congested and the
side of his face was swollen. She had to transport him to the hospital.
      Contreras testified that the Baileys regularly ran out of diapers and lost medicine
prescriptions. S.B. and R.B. required medication for hyperactivity and R.B. needed medication
for asthma. Although Debbie received a social security check and Richard worked full-time at fast
food restaurants, they were unable to sufficiently manage their income to provide adequate food,
clothing, and shelter for the children. The Baileys moved frequently and would leave the
children’s medicine, diapers, and formula behind. When questioned about the removal of S.B.
and R.B., Contreras said that things seemed to be getting worse for the Baileys. CPS was often
providing the children’s medications, formula and diapers. In May of 1993, CPS received a report
that S.B. had fallen. When Contreras went to the home, S.B. was obviously in pain, but the
Baileys had not sought medical attention. Contreras took him to the doctor and found that his arm
was broken. The Baileys had no explanation as to how S.B. broke his arm. S.B. and R.B. were
then removed from the home. 
      Stephanie Keller became S.B.’s and R.B.’s caseworker in November of 1993. She testified
that the Baileys moved sixteen times between November of 1993 and October of 1996. Keller was
the CPS caseworker for the Baileys when J.B. was born in January of 1995. Keller said that the
Bailey home contained numerous materials that were hazardous to an infant. J.B. was removed
from the home in January of 1996 when a CPS worker went to the Baileys’ trailer and found J.B.
very cold because there were no utility services and there were holes in the walls and the floor. 
Keller testified that the house was not appropriate for a child as there was no food, diapers, or
furniture in J.B.’s room. 
      Keller testified that during the entire time CPS was involved with the Baileys many other
social service agencies also provided assistance to them. The county health department, the Texas
Department of Health, and the Bryan Independent School District’s P.E.P.P. program each sent
a person to the Baileys’ home once a week. According to Keller, the Baileys were unable to
provide the basic needs for their children, and the children would be in danger if returned to the
Baileys. Further, the children had special needs due to hyperactivity and asthma. 
      Dr. Edwards, a psychologist, testified that Debbie is mentally deficient and has a mental age
of a nine or ten year old. He stated that she is unable to make judgments, which presents a danger
to her children. He testified that leaving the children with Debbie would place the children in
conditions and surroundings which would endanger their emotional and physical well-being. 
Keller testified that Debbie was unable to clean the children, give them medicine, or get them to
school. Debbie was incapable of learning how to use the breathing machine for R.B.’s asthma.
Dr. Edwards stated that Richard would probably still not believe that leaving the children with
Debbie was dangerous. 
      Keller also testified that Richard believed that Debbie could take care of the children. She
stated that Richard was incarcerated for long periods of time and she had observed him to be
intoxicated during some of her visits. At the time of trial, Richard was incarcerated for two
misdemeanors, theft and possession of marijuana. His parole had been revoked and he was being
sent back to prison. 
      Debra Williams, a teacher at the Texas Mental Health and Mental Retardation Department
(“MHMR”), testified on behalf of Debbie. Williams taught Debbie parenting and money skills. 
She stated that Debbie had progressed in her parenting skills. According to Williams, Debbie was
currently under case management at MHMR and a provider would soon be coming into the home
once or twice a week to help her with household chores. Evonne Bailey, Richard’s sister, testified
that she could check on Debbie and the children and make sure that they were healthy and went
to their doctor appointments. She further testified that Debbie paid attention to the children. 
Richard testified that he did not knowingly leave the children in surroundings which endangered
their physical or emotional well-being. 
      Evidence that a parent has failed to seek appropriate medical treatment for a child will support
a finding that the parent has knowingly endangered the child’s physical and emotional well-being. 
See In re S.H.A., 728 S.W.2d 73, 87 (Tex. App.—Dallas 1987, writ ref’d n.r.e.). In S.H.A., as
in this case, numerous social service agencies were actually providing most of the care for the
children. DPRS presented evidence that Debbie failed to seek appropriate medical treatment for
the children because of her mental deficiency. Thus, the evidence supported a finding that she has
a mental deficiency which made her unable to care for her children. Richard left the children in
Debbie’s care and continued to believe that Debbie could provide adequate care for their children. 
Thus, the evidence supports a finding that he knowingly allowed the children to remain in
conditions and surroundings which endangered their emotional and physical well-being.
      Debbie argues that because the evidence shows that she is mentally deficient, she could not
have knowingly left her children in conditions or surroundings which endangered their emotional
or physical well-being. See Tex. Fam. Code Ann. § 161.001(1)(D) (Vernon Supp. 1998). 
Debbie’s parental rights can be terminated if the court finds that she is mentally deficient and
unable to care for her children under section 161.003 of the Family Code. See Spurlock v. Texas
Dep’t of Protective & Regulatory Servs., 904 S.W.2d 152, 155 (Tex. App.—Austin 1995, writ
denied); Tex. Fam. Code Ann. § 161.003 (Vernon 1996). A finding on any one ground of
termination and that termination is in the best interest of the child is sufficient to terminate parental
rights. See Edwards v. Texas Dep’t of Protective and Regulatory Servs., 946 S.W.2d 130, 135
(Tex. App.—El Paso 1997, no writ). Therefore, Debbie’s rights can be terminated on the sole
ground that she is unable to take care of her children because she is mentally deficient and a
further finding under section 161.001(1)(D) is not required. 
      For the reasons detailed above, we find probative evidence that Debbie has a mental
deficiency which renders her unable to take care of her children and Richard knowingly placed
or allowed their children to remain in conditions or surroundings which endangered their physical
and emotional well-being. See Southern, 774 S.W.2d at 640. After considering all of the
evidence, we find that the court reasonably found by clear and convincing evidence that Debbie
has a mental deficiency which renders her unable to take care of her children and Richard
knowingly placed or allowed their children to remain in conditions or surroundings which
endangered their physical and emotional well-being. See Spangler, slip op. at 5, 1998 WL 41642,
at 3*. 
       Thus, we conclude that the evidence is legally and factually sufficient to support the decree
of termination. We overrule the first and second issues presented and sustain the third issue. We
modify the judgment to reflect that the parent-child relationship is terminated between Walter Ray
Robbins and S.B. We affirm the judgment as modified.
 
                                                                               REX D. DAVIS 
                                                                               Chief Justice                                
Before Chief Justice Davis
       Justice Cummings and
       Justice Vance
Affirmed as modified
Opinion delivered and filed April 16, 1998
Do not publish



Vance, and
          Justice Richards (Sitting by Assignment)
Affirmed 
Opinion delivered and filed January 30, 2002
Do not publish
[CRPM]