11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

In the
Interest of E.C. and H.C., Children 

No.
11-01-00347-CV  --  Appeal from Howard County

 

The trial
court terminated the parental rights of Deborah Kaye Darnell and Christopher
Erick Curtis to E.C. and H.C. pursuant to TEX. FAM. CODE ANN. ' 161.001 (Vernon Pamph. Supp. 2002).  Darnell voluntarily relinquished her
parental rights to all of her children, including E.C. and H.C., and is not a
party to this appeal.  Curtis appeals
but challenges only  the termination of
parental rights as to H.C., Curtis=s biological daughter who was eight years old at the time of trial.[1]  We affirm. 

                                              Issues
Presented and Standards of Review

The
natural right that exists between parents and their children is a
constitutionally protected right, and termination of the parent‑child
relationship can only be justified by the most solid and substantial
reasons.  Wiley v. Spratlan, 543 S.W.2d
349, 352 (Tex.1976).  In order to
terminate a parent=s
rights under Section 161.001, the trial court must find by clear and convincing
evidence that termination is in the best interest of the child and that the
parent committed one of the acts enumerated in Section 161.001(1).  








In each of
his eight issues, Curtis challenges the legal and factual sufficiency of the
evidence in support of the trial court=s findings and implied findings under Section 161.001(1).  Curtis does not challenge the finding that
termination is in the best interest of the child.  In order to determine if the evidence is legally sufficient, we
must consider only the evidence and inferences tending to support the finding
and disregard all evidence and inferences to the contrary.  If there is any probative evidence to
support the finding, we must uphold the finding.  Lucas v. Texas Department of Protective and Regulatory Services,
949 S.W.2d 500, 502 (Tex.App. - Waco 1997, writ den=d); Swinney v. Mosher, 830 S.W.2d 187, 194
(Tex.App. - Fort Worth 1992, writ den=d).  In order to determine if
the evidence is factually sufficient to support the termination of a
parent-child relationship, we will apply the heightened standard of review
recently announced by the supreme court in In the Interest of C.H., a minor
child, 45 Tex. Sup. Ct. J. 1000, 2001 WL 1903109 (July 3, 2002).  We must determine Awhether the evidence is such that a
factfinder could reasonably form a firm belief or conviction about the truth of
the State=s allegations.@  In the Interest of C.H., a
minor child, supra at 1005 and at *8.  

                                                      Evidence
Regarding Termination

In open
court and in its judgment, the trial court stated that two of the enumerated
reasons in Section 161.001(1) had been proved by clear and convincing
evidence:  that Curtis voluntarily left
H.C. alone or in the possession of another without providing adequate support
and remained away for a period of at least six months and that Curtis failed to
support H.C. in accordance with his ability during a period of one year ending
within six months of the date of the filing of the petition in this case.  Section 161.001(1)(C) & (F).  The trial court also found that termination
was in the best interest of the child. 

The
uncontroverted evidence shows that H.C. had been living in an unsuitable
environment; that Curtis did not have any type of relationship with H.C.; that
Curtis had never attempted to visit or contact H.C. despite being appointed
H.C.=s possessory conservator in the divorce
decree; that Curtis had seen H.C. a total of two times in what can only be
referred to as momentary, chance meetings; and that Curtis had never paid any
child support even though ordered to do so in his divorce decree.  Darnell testified that she had lived in the
Big Spring area most of her life, that her extended family also lived there,
and that Curtis knew where they lived and could have easily contacted
them.  Curtis did not appear in person
at trial, and Curtis=s
attorney did not call any witnesses to testify.  Curtis was in prison at the time of trial but refused an offer to
be bench warranted.  It appears that
Curtis had been in prison for about one and one-half years prior to the date of
trial and for several months prior to the filing of the petition to terminate.  








We hold
that the evidence is both legally and factually sufficient to support a finding
under Section 161.001(1)(C).  See In the
Interest of B.T., a child, 954 S.W.2d 44 (Tex.App. - San Antonio 1997, writ den=d). 
The evidence showed that Curtis voluntarily left H.C. in the possession
of another without providing for the adequate support of H.C. and that he
remained away for a period of at least six consecutive months.  In reaching this conclusion, we did not
consider any period in which Curtis was shown to be incarcerated.  Curtis=s first issue is overruled. 
Because termination may be upheld on this ground alone, we need not
address the remaining issues. 
TEX.R.APP.P. 47.1.  

                                                                This
Court=s Ruling

The
judgment of the trial court is affirmed. 


 

TERRY McCALL

JUSTICE

 

September 26, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J. 











     [1]E.C. apparently is not Curtis=s biological child.