

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00011-CV

### IN THE MATTER IF THE MARRIAGE OF
### AMANDA DODD BONNER
### AND
### ROBERT BONNER
### AND
### IN THE INTEREST OF M.A.B. AND N.C.B., CHILDREN

**From the 413th District Court
Johnson County, Texas
Trial Court No. D200705574**

## MEMORANDUM  OPINION

Robert Walter Bonner appeals from a final decree of divorce entered against him by default which ordered that he is to have no possession or access to his minor children, M.A.B. and N.C.B., because of a felony conviction for "sexual, physical and emotional abuse of the children the subject of this suit" and that named him a possessory conservator of the children.  Bonner complains that the trial court abused its discretion by denying him access to the children, by erroneously stating that M.A.B. and N.C.B. were involved in his felony conviction, and by not naming him a joint managing

conservator. Because we find no reversible error, we affirm the judgment of the trial court.

Bonner's issues are interrelated and therefore we will discuss them jointly and out of order as necessary.

### Sole or Joint Managing Conservator

In his third issue, Bonner complains that the trial court abused its discretion by naming his wife as the sole managing conservator of the children and that they should have been named as joint managing conservators of the children.

### Possession and Access

In his first issue, Bonner complains that the trial court abused its discretion by entering an order that he was to have no access to his children because there was no evidence to support the trial court's finding that he had been convicted and incarcerated for sexual, physical, and emotional abuse of M.A.B. and N.C.B.

### Erroneous Finding in Judgment

In his second issue, Bonner complains that the trial court erred by including a finding that his children, M.A.B. and N.C.B. were "involved" in the felony offenses in a specific cause number, and therefore, the evidence was legally and factually insufficient for the trial court to have determined that he should have been denied possession and access pursuant to the standard possession order in subchapter F of chapter 153 of the Family Code. *See* TEX. FAM. CODE ANN. §§ 153.301, *supra* (Vernon Supp. 2010).

*Abuse of Discretion*

The trial court has broad latitude in determinations regarding custody, possession, and access of minor children and we will not reverse the judgment of the trial court unless it appears from the record as a whole that the court has abused its discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). In family law cases the abuse of discretion standard overlaps with the traditional sufficiency standards of review. *Garza v. Garza*, 217 S.W.3d 538, 549 (Tex. App.—San Antonio 2006, no pet.). Legal and factual sufficiency are therefore not independent grounds of error; rather, they merely constitute factors relevant to an assessment of whether the trial court abused its discretion. *Id.*

*The Facts*

During the final hearing on the divorce, the trial court took judicial notice of the proceedings in a prior criminal trial in which Bonner was convicted of six counts of indecency with a child, four counts of indecency with a child, and two counts of inducing a child to engage in sexual conduct or a sexual performance.[1] He was sentenced to ninety-nine years imprisonment for each of the sexual assault convictions and twenty years for each of the other convictions. However, the victims in those cases were not M.A.B. or N.C.B., but were L.D. and another child who was a friend of L.D.

L.D. is the step-sister of M.A.B. and N.C.B. and they were residing in the same household when the offenses took place. While M.A.B. and N.C.B. were not the victims

---

[1] This conviction was appealed to this Court, and the convictions were recently affirmed. *Bonner v. State*, No. 10-09-00120-CR, 2010 Tex. App. LEXIS 7440 (Tex. App.—Waco Sep. 8, 2010, no pet. h.) (not desig. for publication).

for those offenses, there was testimony that N.C.B. had observed Bonner sexually assaulting L.D. on at least one occasion.

Additionally, when M.A.B. and N.C.B. were removed from the Bonners's custody by the Department of Family and Protective Services, 646 marijuana plants and other evidence demonstrating Bonner's extensive marijuana manufacturing operations were located. The children were required to assist Bonner in caring for the plants. During the case in which the Department was involved, M.A.B. made an outcry of sexual abuse against Bonner. The divorce action was consolidated with the Department's case against the Bonners.

### The Family Code and Family Violence

Section 153.131(b) of the Family Code provides that the appointment of a parent as a joint managing conservator is presumed to be in the best interest of a child unless the trial court finds that there is a history of family violence. TEX. FAM. CODE ANN. § 153.131(b) (Vernon 2008). The Family Code's definition of family violence includes sexual assault of a member of a family or household, which L.D. certainly was. TEX. FAM. CODE ANN. § 71.004(1) (Vernon 2008). Further, the trial court is actually prohibited from naming a party as a joint managing conservator if "credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by one parent directed against … a child …." TEX. FAM. CODE ANN. § 153.004(b) (Vernon 2008). Additionally, the trial court is required to "consider the commission of family violence in determining whether to deny, restrict, or limit the possession of a child by a

parent who is appointed as a possessory conservator." TEX. FAM. CODE ANN. § 153.004(c) (Vernon 2008).

*Analysis*

Bonner has not complained of the trial court's taking judicial notice of the proceedings against him, nor has he complained of the trial court naming his wife as the sole managing conservator of the children other than his complaint of not being named a joint managing conservator with her. We do not find that the trial court abused its discretion by naming him a possessory conservator and not a joint managing conservator or by denying Bonner access to his children. In fact, the trial court made the orders that were mandated by the Family Code regarding conservatorship of the children and we find that the evidence was certainly sufficient for the trial court to have determined that an individual convicted of sexually assaulting his children's sibling should have no access to his children. We overrule issues one and three.

*Findings in Decree of Divorce*

The final decree of divorce included a provision that "due to Respondent being incarcerated for a felony conviction of sexual, physical and emotional abuse of the children the subject of this suit, Respondent shall have no access with the minor children." Generally, unless otherwise required, findings of fact should not be contained in a judgment. TEX. R. CIV. P. 299a.

We may review findings made by a trial judge to determine whether they are supported by legally or factually sufficient evidence. *See Lucas v. Texas Dept. of Protective and Regulatory Serv's*, 949 S.W.2d 500, 502 (Tex. App.—Waco 1997, writ

denied), *disapproved on other grounds by In re J.F.C.*, 96 S.W.3d 256 (Tex. 2002), (*citing Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989)). However, where we have a complete transcript of the proceedings before us, we do not view the trial court's written finding as conclusive. *See id.* Instead, we review the entire record and will not reverse an otherwise correct judgment simply because of an erroneous finding. *See id.* We will affirm the judgment even if the court's finding lacks sufficient evidentiary support, if the record contains sufficient evidence to do so. *See id.* Although we find that the trial court's finding was not supported by the record and was erroneously included in the final decree of divorce on both procedural and substantive grounds, the entire record supports the trial court's judgment denying him possession and access of M.A.B. and N.C.B., and thus we will not reverse the judgment for the erroneous finding. *See Lucas*, 949 S.W.2d at 502. We overrule issue two.

*Conclusion*

We find that the trial court did not abuse its discretion by denying Bonner access to his children or by not naming him a joint managing conservator of his children. We find that although the trial court's finding regarding M.A.B. and N.C.B.'s "involvement" in his felony convictions was erroneous, the entire record supports the judgment. We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
Justice Reyna, and
Justice Davis
Affirmed
Opinion delivered and filed November 3, 2010
[CV06]