PD-1505-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/20/2015 10:42:43 AM
Accepted 4/20/2015 10:51:00 AM
ABEL ACOSTA
CLERK

FILED IN
COURT OF CRIMINAL APPEALS

April 20, 2015

ABEL ACOSTA, CLERK

Cause Number PD-1505-14

# David Schlittler

## vs.

# The State of Texas

State's Brief

On Discretionary Review

Of Appeal No. 12-13-00269-CR

In the Twelfth Court of Appeals of Texas

Judges Worthen, Griffith, and Hoyle, Presiding

And in Cause Number 30390

From the 3rd District Court of Anderson County, Texas

Judge Deborah Oakes Evans, Presiding

Melinda Fletcher
SBN 18403630
Special Prosecution Unit
P O Box 1744
Amarillo, Texas  79105
Phone 806.367.9407
Fax 866.923.9253
mfletcher@sputexas.org

# Table of Contents

Index of Authorities ................................. 3

Issues Presented ..................................... 6

Statement of Facts ................................... 7

Summary of the Argument .............................. 10

Argument ............................................. 12

  Response to Both Grounds for Review: At the time of this offense, Schlittler had no right to communicate with or to parent his son from prison: he had previously been legally barred from doing so.................................................. 12

  Response to First Ground for Review:  Penal Code § 38.111 does not violate Schlittler's constitutional right to Due Process............................... 14

  Response to Second Ground for Review: Penal Code § 38.111 does not violate Schlittler's constitutional right to Equal Protection.......................... 19

Prayer ............................................... 24

Certificate of Compliance ............................ 25

Certificate of Service ............................... 25

# Index of Authorities

**Federal Constitution**

Due Process ........................................passim

Equal Protection .................................passim

Fourth Amendment ....................................14


**Federal Case Law**

Boddie v. Connecticut, 401 U.S. 371, 91 S. Ct. 780,
    28 L. Ed. 2d 113 (1971).........................15

Cutshall v. Sundquist, 193 F.3d 466 (6th Cir. 1999)..20

Denver Area Educ. Telecomm. Consortium, Inc. v. FCC,
    518 U.S. 727, 116 S. Ct. 2374,  135 L. Ed. 2d 888
    (1996)..........................................21

Kadrmas v. Dickinson Public Schools, 487 U.S. 450,
    108 S.Ct. 2481, 101 L.Ed.2d 399 (1988)..........19

Maryland v. Craig, 497 U.S. 836, 110 S.Ct. 3157,
    111 L.Ed.2d 666 (1990)..........................21

New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348,
    73 L.Ed.2d 1113 (1982)..........................22

Osborne v. Ohio, 495 U.S. 103, 110 S.Ct. 1691,
    109 L.Ed.2d 98 (1990)...........................21

Quilloin v. Walcott, 434 U.S. 246, 98 S. Ct. 549,
    54 L. Ed. 2d 511 (1978).........................17

Santosky v. Kramer, 455 U.S. 745, 102 S. Ct. 1388,
     71 L. Ed. 2d 599 (1982).......................16, 17

Smith v. Organization of Foster Families, 431 U.S. 816,
     97 S.Ct. 2094, 53 L.Ed.2d 14 (1977).............17

Troxel v. Granville, 530 U.S. 57, 120 S. Ct. 2054,
     147 L. Ed. 2d 49 (2000).....................15, 20

United States v. Playboy Entm't Group, Inc.,
     529 U.S. 803, 813, 120 S.Ct. 1878,
     146 L.Ed.2d 865 (2000)..........................21

Washington v. Glucksberg, 521 U.S. 702,
     117 S.Ct. 2258, 138 L.Ed.2d 772 (1997)..........15

**Texas State Case Law**

Barker v. State, 335 S.W.3d 731
     (Tex. App.—Houston [14th Dist.] 2011,
     pet. ref'd).....................................20

Cannady v. State, 11 S.W.3d 205
     (Tex. Crim. App. 2000)..........................19

Dinkins v. State, 894 S.W.2d 330
     (Tex. Crim. App. 1995)..........................20

Henderson v. State, 962 S.W.2d 544 (Tex.Crim.App.1997),
     cert. denied, 525 U.S. 978, 119 S.Ct. 437,
     142 L.Ed.2d 357 (1998)......................20, 22

In re M.A.H., 20 S.W.3d 860
     (Tex.App.-Fort Worth 2000, no pet.).............20

Lucas v. Texas Dept. of Protective & Regulatory
    Services, 949 S.W.2d 500 (Tex. App.—Waco 1997),
    disapproved of on other grounds by In re J.F.C.,
    96 S.W.3d 256 (Tex. 2002).........................18

Villareal v. State, 935 S.W.2d 134
    (Tex. Crim. App. 1996)...........................14

**Texas Code of Criminal Procedure**

Article 62.001 ...................................12, 13

**Texas Penal Code**

§ 38.111 ........................................passim

Cause Number PD-1505-14

David Schlittler

vs.

The State of Texas

To the Honorable Judges of the Court of Criminal Appeals:

Respondent, the State of Texas, respectfully presents this brief on the merits in support of the trial court's rulings, and the lower appellate court's rulings, determining that Penal Code § 38.111 is not unconstitutional, as applied to Schlittler.

# Issues Presented

Response to Both Grounds for Review: At the time of this offense, Schlittler had no right to communicate with or to parent his son from prison: he had previously been legally barred from doing so.

Response to First Ground for Review: Penal Code § 38.111 does not violate Schlittler's constitutional right to Due Process.

Response to Second Ground for Review: Penal Code § 38.111 does not violate Schlittler's constitutional right to Equal Protection.

# Statement of Facts

The trial court denied Schlittler's written motions to declare Penal Code § 38.111 unconstitutional, both facially and as applied to him, for violation of Due Process and Equal Protection. (RR Supp: 6-8) Afterwards, the trial court made the following Findings of Fact:

- Schlittler is currently serving a sentence for Aggravated Sexual Assault of a Child, B.M. (CR 1:82, see also SX 1)

- B.S. is Schlittler's son. (CR 1:82)

- B.S. is the half brother of Schlittler's victim, B.M. (CR 1:92)

- B.S. and B.M. have the same biological mother. (CR 1:82)

- B.S.'s mother did not consent to Schlittler contacting their son, B.S. (CR 1:82)

- In 2007, an Order on Suit to Modify Parent-Child Relationship was entered. (CR 1:82)

- The Order includes that "David Charles Schlittler is ordered to refrain from any contact with the child (B[]. S[].), direct or indirect or through anyone acting in concert with David Charles Schlittler, including without limitation, indirect communication through Bonita Rolston; and through any means, including, but not limited to telephonic, Instant Messaging, Email, Chatroom, Text Messaging, written communication, or in person communication except for those periods of possession listed below…" (CR 1:82-83)

- Schlittler has no periods of possession while he is incarcerated.

- The Order is in place until B.S. turns 18 years of age. (CR 1:83)

- The indictment alleges that Appellant contacted B.S. through Bonita Rolston. (CR 1:82)

The trial court concluded that Texas Penal Code § 38.111 does not violate the Texas Constitution, the United States Constitution, the Texas Family Code, or Schlittler's fundamental rights or liberty interests as they pertain to B.S. (CR 1:83) The trial court also concluded that there is a compelling state interest to protect B.S. that overrides Schlittler's right to communicate with his son. (CR 1:83)

At trial, B.S.'s mother testified that she had obtained the modified conservatorship order that restricted Schlittler's contact with his son, B.S. (RR 3:87-89, 96-97) B.S. was 13 years old at the time of the prohibited contact. (RR 3:98) The mother has not consented to Schlittler contacting B.S. (RR 3:100)

While in prison, Schlittler sent a series of message to B.S., through Bonita Ralston, telling B.S. how much he was loved, and asking him to convince his sister, B.M., to recant her lie about Schlittler molesting her.

(RR 3:30, 33-34) The mother of the children reported the contacts to her local police department and to her family law attorney. (RR 3:101) The attorney reported the contacts to the prison officials. (RR 3:101)

## Summary of the Argument

Schlittler asserts that Penal Code § 38.111 is unconstitutional as applied to him, because it violates his rights to Due Process and Equal Protection. The overriding flaw in Schlittler's arguments is the assertion that he has a fundamental right to communicate with and parent his child from prison. This right was taken away from Schlittler by a family law court, prior to his commission of this criminal offense.

Appellant's first ground for review should be denied because § 38.111 does not operate to violate Schlittler's constitutional right to Due Process. The statute is narrowly tailored to serve the compelling state interest of protecting minor sexual assault victims from undue trauma. Schlittler only lost his right to communicate

with his son after Schlittler pled guilty to sexually assaulting the son's young sister. Further, the facts of this case show the necessity of the statute: Schlittler communicated with his son in an effort to get the son to put pressure on the sexual assault victim to recant her story.

Appellant's second ground for review should be denied because Penal Code § 38.111 is narrowly tailored to serve a compelling state interest, and does not violate Schlittler's right to Equal Protection. Section 38.111 applies only to those convicted of certain crimes, and then only to those whose victims were young. If a person is in prison for molesting his own child, the state has a compelling interest in protecting all of his children from his influence. This does not violate the right to Equal Protection.

The opinions of the lower courts should be affirmed.

# Argument

## Response to Both Grounds for Review: At the time of this offense, Schlittler had no right to communicate with or to parent his son from prison: he had previously been legally barred from doing so.

The unusual facts of this case make it impossible for Schlittler's constitutional rights to communicate with son from prison to be violated. Yet he asserts that Penal Code § 38.111, as applied to him, violated his rights to Due Process and Equal Protection. His arguments fail.

The relevant parts of Penal Code § 38.11 read:

(a) A person commits an offense if the person, while confined in a correctional facility after being charged with or convicted of an offense listed in Article 62.001(5), Code of Criminal Procedure, contacts by letter, telephone, or any other means, either directly or through a third party, a victim of the offense or a member of the victim's family, if:

    (1) the victim was younger than 17 years of age at the time of the commission of the offense for which the person is confined; and

    (2) the director of the correctional facility has not, before the person makes contact with the victim:

(A) received written and dated consent to the contact from:

(i) a parent of the victim;

(ii) a legal guardian of the victim;

(iii) the victim, if the victim is 17 years of age or older at the time of giving the consent; or

(iv) a member of the victim's family who is 17 years of age or older; and

(B) provided the person with a copy of the consent.

At the time of this offense, Schlittler was serving time in prison for Aggravated Sexual Assault of a Child, B.M. (CR 1:82, SX 1) Aggravated Sexual Assault of a Child is an offense listed in Article 62.001 (5), Code of Criminal Procedure. Therefore, Penal Code § 38.111 applied to him. It was undisputed that Schlittler had contact with his son, B.S., who is the brother of is victim, B.M. (RR 3:39-40; RR 4:42-46) It is also undisputed that Schlittler knew he was court-ordered to have no contact. (RR 3:39-40)

Schlittler had already lost the fundamental right to communicate with his son, except when he had possession of his son. (CR 1:82-83) Having lost this fundamental

right, no law could have thereafter violated this right of Schlittler's. *See Villareal v. State,* 935 S.W.2d 134, 138 (Tex. Crim. App. 1996) en banc (holding a person asserting a violation of his Fourth Amendment right against unreasonable search must first prove that he has the expectation to privacy; if there is no expectation of privacy, there can be no constitutional violation of the right to unreasonable search).

Both of Schlittler's arguments must fail because he did not have the rights that he asserts were violated, as they pertain to these facts. Even if he did have the rights, the State will show that his rights were not violated by Penal Code § 38.111.

## Response to First Ground for Review: Penal Code § 38.111 does not violate Schlittler's constitutional right to Due Process.

"[A] statute ... may be held constitutionally invalid as applied when it operates to deprive an individual of a protected right although its general validity as a

measure enacted in the legitimate exercise of state power is beyond question." *Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S. Ct. 780, 787, 28 L. Ed. 2d 113 (1971). The interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by the United States Supreme Court. *See Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 2060, 147 L. Ed. 2d 49 (2000).

State infringement on a fundamental right is subject to a "strict scrutiny" analysis and is permitted only if narrowly tailored to serve a compelling state interest. *See, e.g., Washington v. Glucksberg*, 521 U.S. 702, 721, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997) (due process). Schlitter concedes that protecting a minor sexual assault victim from undue trauma is a compelling state interest. (See pp. 22-23 of Schlittler's brief.) Schlittler argues, however, that § 38.111 is not narrowly tailored, but is overly broad. The State disagrees.

Section 38.111(a)(1), as applied to Schlittler, prevents him from contacting his son only because his son

is a member of the victim's family. In fact, Schlittler's illegal contact with his son was aimed at tormenting Schlittler's victim. Schlittler's intent was to use his son to badger his victim and to "put pressure on her" to tell her counselor that Schlittler never assaulted her. (RR 3:30, 33) Therefore, even as § 38.111 is applied to Schlittler, the statute was narrowly tailored to prevent his victim from undue trauma.

In parental termination cases, the state can only satisfy Due Process and intrude on the fundamental right of a parent to maintain a family if the state proves the allegations by clear and convincing evidence. *See Santosky v. Kramer*, 455 U.S. 745, 767-68, 102 S. Ct. 1388, 1402, 71 L. Ed. 2d 599 (1982) (noting approval of clear and convincing evidence in termination cases involving mental illness). In Schlittler's case, he pled guilty to the criminal offense of aggravated sexual assault of his step-daughter. Criminal cases require proof beyond a reasonable doubt, which is the highest burden of proof. Schlittler's fundamental right to parent

his son was intruded on only after the state proved beyond a reasonable doubt that he sexually assaulted the son's sister. This satisfies the Due Process burden as described by *Santosky.*

Schlitter asserts the authority of *Quilloin v. Walcott* which held that the Due Process clause would be offended "[i]f a State were to attempt to force the breakup of a natural family, over the objections of the parents and their children, without some showing of unfitness and for the sole reason that to do so was thought to be in the children's best interest." *Quilloin v. Walcott,* 434 U.S. 246, 255, 98 S. Ct. 549, 555, 54 L. Ed. 2d 511 (1978) (*quoting Smith v. Organization of Foster Families*, 431 U.S. 816, 862–863, 97 S.Ct. 2094, 2119, 53 L.Ed.2d 14 (1977) (Stewart, J., concurring in judgment)). Schlittler was proven to be an unfit parent of both B.S. and B.M. when he pled guilty to sexually assaulting his step-daughter. (RR 3:86-87) *See Lucas v. Texas Dept. of Protective & Regulatory Services*, 949 S.W.2d 500, 503 (Tex. App.—Waco 1997), *disapproved of on*

*other grounds by In re J.F.C.*, 96 S.W.3d 256 (Tex. 2002) ("A parent's abusive conduct directed toward one child will suffice to support termination as to other children."). He was also declared to be an unfit parent when his rights to possession of his son were restricted to supervised visits only, and his rights to communication with his son were restricted, except when Schlittler has possession of the boy. (RR 3:88-89, 96-97)

Further, Schlittler's family was broken up by his own criminal actions and by his ex-wife's civil actions. (RR 3:87, 96-97) The State did not attempt to break up his family by enacting Penal Code § 38.111. Rather, § 38.111 sought to safeguard the family against actions exactly like those taken by Schlittler. He indirectly tormented his victim and further eroded the victim's family unity. (RR 3:100) Schlittler also put his son into a lose-lose situation when Schlittler asked the boy to go around his own mother and get his sister to recant her allegations against Schlittler.

Texas Penal Code § 38.111 is narrowly tailored to serve a compelling state interest, and so it meets the standards required by the Due Process clause. It only applies to persons who have been proven beyond a reasonable doubt to be sexual offenders, and it protects only their young victims. As to Schlittler, it did not apply to him until he was proven beyond a reasonable doubt to be a sexual offender and it should have operated to protect Schlittler's victim from his indirect influence through her brother.

## Response to Second Ground for Review: Penal Code § 38.111 does not violate Schlittler's constitutional right to Equal Protection.

A statute is evaluated under "strict scrutiny" if it interferes with a "fundamental right" or discriminates against a "suspect class." *Cannady v. State*, 11 S.W.3d 205, 215 (Tex. Crim. App. 2000) (*citing to Kadrmas v. Dickinson Public Schools*, 487 U.S. 450, 458, 108 S.Ct. 2481, 101 L.Ed.2d 399 (1988) *and Henderson v. State,* 962

S.W.2d 544, 572 (Tex.Crim.App.1997), cert. denied, 525 U.S. 978, 119 S.Ct. 437, 142 L.Ed.2d 357 (1998)).

Schlittler asserts that § 38.111 violates Equal Protection because it applies only to sex offenders, not to other prisoners. "Neither the Supreme Court nor this Court has recognized criminal defendants in general as constituting a suspect class." *Dinkins v. State*, 894 S.W.2d 330, 342 (Tex. Crim. App. 1995). Additionally, federal and state courts have specifically found that convicted sex offenders are not a suspect class. *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999); *Barker v. State*, 335 S.W.3d 731, 736 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *In re M.A.H.*, 20 S.W.3d 860, 866 (Tex.App.-Fort Worth 2000, no pet.). This portion of Schlittler's argument fails for lack of authoritative support.

The right to parent is a fundamental right. *Troxel,* 530 U.S. at 65, 120 S. Ct. at 2060. Therefore, Penal Code § 38.111 should be upheld only if it is narrowly tailored to promote a compelling government interest. *See, e.g.,*

*United States v. Playboy Entm't Group, Inc.*, 529 U.S. 803, 813, 120 S.Ct. 1878, 146 L.Ed.2d 865 (2000). The State asserts that it is.

Penal Code § 38.111 is narrowly tailored in that it criminalizes contact only with sexual assault victims who were younger than 17 years of age at the time of the commission of the offense for which the person is confined. Tex. Penal Code § 38.111 (a)(1). The Supreme Court has consistently held that a state has a compelling interest in protecting the well-being of its children. *See Denver Area Educ. Telecomm. Consortium, Inc. v. FCC*, 518 U.S. 727, 743, 116 S. Ct. 2374, 2386, 135 L. Ed. 2d 888 (1996) (compelling interest in protecting children from indecent speech); *Maryland v. Craig*, 497 U.S. 836, 853, 110 S.Ct. 3157, 3167, 111 L.Ed.2d 666 (1990) (protecting child's psychological well-being sufficiently important in some cases to outweigh a defendant's right to face-to-face confrontation); *Osborne v. Ohio*, 495 U.S. 103, 110, 110 S.Ct. 1691, 1696–1697, 109 L.Ed.2d 98 (1990) (state's interest in

protecting victims of child pornography). "The Court has sustained laws aimed at protecting children even when those laws have operated in the sensitive area of constitutionally protected rights." *Henderson v. State*, 962 S.W.2d 544, 562 (Tex. Crim. App. 1997), (*quoting New York v. Ferber*, 458 U.S. 747, 757, 102 S.Ct. 3348, 3354–3355, 73 L.Ed.2d 1113 (1982)).

This Court wrote:

Children are deemed to warrant protection because of their inexperience, lack of social and intellectual development, moral innocence, and vulnerability. These characteristics apply with the greatest force to the youngest children. Moreover, the fact that crimes directed toward young children are necessarily targeted at the most innocent and vulnerable members of society makes such crimes among the most morally outrageous.

*Henderson* at 562.

In addition to the general concerns listed by this Court, as applied to Schlittler, § 38.111 should have operated to avoid disruption of the multi-dimensional myriad of family dynamics in a family with young children that was torn apart by Schlittler's crime. Schlittler's contact with his son "about crushed" the relationship

between the boy and his mother. (RR 3:100) The communications undermined the mother's authority and rights, and they taught the boy that the rules do not apply to him and his father. (RR 3:100) The communications served to indirectly harass Schlittler's sexual victim by pressuring her to change her story regarding the sexual abuse to which Schlittler pled guilty. (RR 3:30, 33-34, 86-87) And the communications placed the boy in a lose-lose situation in that he either had to betray his father or his mother and sister. The need for the State to protect these particular children, the victim of the sexual assault and her brother, is evident. It is also compelling.

In conclusion, Penal Code § 38.111 as applied to Schlittler does not violate the Equal Protection clause of the United States Constitutuion. It is narrowly tailored to serve a compelling state interest. Schlittler's second ground for review should be overruled.

# Prayer

The State prays that this Honorable Court withdraw its grant of review as improvidently granted. The facts of this particular case show that a family law court had stripped Schlittler over his fundamental right to communicate with his son from prison, even before § 38.111 came into play. Section 38.111 could not have operated to deny him rights that he did not have.

Alternatively, the State prays that this Honorable Court affirm the judgment of the trial court and the lower appellate court.

Respectfully Submitted,

/s/ Melinda Fletcher

Melinda Fletcher
Appellate Attorney
SBN 18403630

Special Prosecution Unit
P O Box 1744
Amarillo, Texas 79105

Phone 806.367.9407
Fax   866.923.9253
mfletcher@sputexas.org

# Certificate of Compliance

I hereby certify that, according to Microsoft Word, this brief contains a total of only 3,613 words. The length of this document is in compliance with the Texas Rules of Appellate Procedure.

/s/ Melinda Fletcher

Melinda Fletcher

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing Brief for the State was served on Kenneth Nash, the attorney for Schlittler, via electronic mail on this the 20th day of April, 2015.

/s/ Melinda Fletcher

Melinda Fletcher