**Brice Edward CLARK, Appellant,**

v.

**Debra Lynn CLARK, Appellee.**

No. 05–85–00814–CV.

Court of Appeals of Texas,
Dallas.

Dec. 30, 1985.

Rehearing Denied Feb. 10, 1986.

Timothy J. Ferreri, Staff Counsel for Inmates Texas Dept. of Corrections, Huntsville, for appellant.

Douglas W. Skemp, Dallas, for appellee.

Before VANCE, GUILLOT and HOWELL, JJ.

GUILLOT, Justice.

Appellant, Brice Edward Clark, appeals from a judgment of the trial court terminating his parental rights. Finding no error, we affirm.

Mr. Clark contends in his sole point of error that the trial court erred in terminating his parental rights as there was insufficient evidence to show he engaged in conduct that endangered the physical or emotional well-being of the child, L.J.C. We cannot agree.

Mrs. Clark sought termination under section 15.02 of the Texas Family Code which states:[1]

A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

(1) The parent has:

  *   *   *   *   *   *

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;

  *   *   *   *   *   *

and in addition, the court finds that (2) termination is in the best interest of the child.

At trial, Mrs. Clark presented evidence that Mr. Clark had been convicted for the murder of her two-and-a-half year old daughter by a previous marriage. The murder occurred on July 31, 1981, while Mr. Clark was babysitting the little girl. Believing that her daughter's death was an accident, Mrs. Clark married Mr. Clark in August of 1981. Mr. Clark was convicted of murder on July 6, 1982, for which he is now serving a twenty-eight year sentence in the Texas Department of Corrections.

---

1. All references herein are to TEX.FAM.CODE ANN. § 15.02 (Vernon Supp.1985).

L.J.C., the subject of this suit, was born on November 6, 1982.

Mr. Clark contends that because the murder of the half-sister of L.J.C. was committed before L.J.C. was born and was not committed in the presence of L.J.C., the murder is not the type of conduct which endangers the physical or emotional well-being of L.J.C. under section 15.02 of the Family Code. He cites *Lane v. Jefferson County Child Welfare Unit*, 564 S.W.2d 130, 132 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.), for the proposition that, while conduct need not be directed at the child, it must be committed in the child's presence. We cannot agree.

In several cases, the father's violence against the mother, though not committed in the child's presence, has been held sufficient to support termination because of the effect on the child's emotional well-being. In *In the Interest of B.J.B. and C.E.B.*, 546 S.W.2d 674, 677 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.), the Texarkana court upheld the termination of the father's parental rights where he stabbed the mother outside the presence of the children. The court reviewed evidence in the record that the children were upset by their father's conduct and that they had a great fear of men resembling their father.

In *In the Interest of S.K.S.*, 648 S.W.2d 402, 404 (Tex.App.—San Antonio 1983, no writ), the only evidence offered to establish that the father had engaged in conduct under section 15.02(1)(E) was a certified copy of the judgment and sentencing in his murder conviction for the murder of the mother. S.K.S. was seventeen months old at the time of the murder. The court held that, although imprisonment alone would not be sufficient to warrant termination of parental rights, a final conviction for the murder of the mother of the child would constitute conduct described in section 15.-02(1)(E). There was no evidence that the murder was committed in the presence of the child, nor was the presence of the child necessary for termination.

Finally, in *Allred v. Harris County Child Welfare Unit*, 615 S.W.2d 803, 806 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), the Houston court held that the evidence supported termination where: the father beat the mother upon learning that she was pregnant; threatened to cause her to miscarry by pushing her down the stairs; and, while on parole at the time of conception, engaged in criminal conduct resulting in the revocation of his parole. The child did not need to witness his father's conduct for the conduct to result in termination under section 15.-02(1)(E).

In the present case, Mrs. Clark showed sufficient proof of endangerment to L.J.C.'s physical and emotional well-being. Doctor Leslie Carter testified that L.J.C. would be in physical danger if she came in contact with her father due to his uncontrollable temper. She also testified that L.J.C.'s emotional well-being would be endangered by fears the child would experience in interacting with Mr. Clark. Also, a family court counselor testified that L.J.C. would develop an imminent fear if she were forced to have contact with her father. Both experts testified that it was imperative that L.J.C. be made aware of Mr. Clark's acts toward his stepdaughter prior to any contact with him.

We hold the evidence sufficient to support termination.

Affirm.