McCord et al v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-153-CV

     BRENDA LEE McCORD, ET AL.,
                                                                                              Appellants
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 305th District Court
Dallas County, Texas
Trial Court # 92-1658-X
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by Appellants, Jack McCord and Brenda McCord, from a judgment
terminating their parental rights to their sons, Juba, age four, and Joey, age three.
      Jack and Brenda lived together (though not married) for thirteen years; their relationship
producing four children. In 1987 the couple relinquished parental rights to other
children—Brenda's three children from a previous relationship and Brenda's two children fathered
by Jack. Jack is sixty years of age and Brenda is thirty-seven.
      Juba exhibited Fetal Alcohol Syndrome at his birth on February 4, 1991. He was placed in
the custody of Child Protective Services at that time and remained there until he was returned to
Brenda in August 1991. Joey was born on September 26, 1992, showing symptoms of Fetal
Alcohol Syndrome. At the time of trial Brenda was pregnant with her eighth child, and was in jail
for an assault on her niece. She had received probation, but her probation was revoked when she
was arrested for prostitution.
      Brenda admits that she is an alcoholic. Officer Watson testified that in the last three years the
police have answered about 150 calls to the McCord residence; that the calls resulted from family
disturbances; that Brenda had been arrested for assault; that he observed some eight people
drinking at the McCord residence; and that he believed the children were not safe in Brenda's
care. Brenda has been arrested many times on alcohol-related charges including DWI. Brenda
attended the NEXUS alcohol treatment facility, but was discharged when she began drinking on
her second weekend furlough. Brenda's brother testified that she drinks when pregnant; that
drinking interferes with her ability to parent; that she is not responsible to take care of any
children. Brenda's sister-in-law testified that the circumstances in which Brenda lives are
dangerous to children.
      The jury found, by clear and convincing evidence, that the parent-child relationship between
Brenda and Jack and the two children should be terminated. The court's judgment further found
that it will be in the best interest of the children that Brenda's and Jack's parent-child relationship
with the two children be terminated; and the court decreed that such relationship be terminated as
to both Jack and Brenda.
      Jack appeals on one point of error and Brenda appeals on six points.
      Jack and Brenda's point one are the same:
The trial court erred in admitting hearsay information from a child protective services
caseworker who had no personal knowledge with regard to her testimony.

      During trial, Dallas County Child Protective Services called supervisory caseworker, Donna
Grajkowski, to testify. She had no personal knowledge of any facts related, but testified and read
from records of the department. Her testimony informed the jury that the five older children,
removed from the McCord household in 1987, had been abused and neglected, were disturbed and
underweight, and some of them were born with Fetal Alcohol Syndrome. Jack's counsel objected
but Brenda's counsel did not object or adopt the objection of Jack's counsel. The trial court
overruled Jack's counsel's objection.
      Texas Rules of Civil Evidence 803(8)(c) provides the following are not excluded by the
hearsay rule:
Public records and reports, records, reports, statements or data compilations, in any
form, of public offices or agencies setting forth (c) factual findings resulting from an
investigation made pursuant to authority granted by law; unless the sources of
information or other circumstances indicate lack of trustworthiness.

A social study consists of factual findings resulting from investigations made pursuant to authority
granted by law and such falls under the Rule 803(8)(c) exception to the hearsay rule. Bingham
v. Bingham, 811 S.W.2d 678, 683-84 (Tex. App.—Fort Worth 1991, no writ). Child Protective
Services file records are social studies made pursuant to the mandates of the Human Services
Code, §§ 41.001(a)(b) and 50.001.
      The information, opinions, and conclusions in the McCord family-file records were admissible
in any form, including the testimony from supervisor Grajkowski who directed their compilation.
      The court properly ruled that Grajkowski could testify from the agency records. Moreover,
the information supplied by Grajkowski was supplied by other witnesses and exhibits including
the testimony and exhibits of Jack and Brenda.
      If objected-to hearsay statements are proven by other competent unobjected-to evidence, the
admission of the hearsay is harmless. Chaney v. State, 775 S.W.2d 722, 727 (Tex. App.—Dallas
1989, writ denied); Richardson v. Green, 677 S.W.2d 497, 501 (Tex. 1984).
      Because Brenda did not object to the testimony of Grajkowski, she cannot appeal its
admission. Moreover, the testimony was admissible under the public records exception to the
hearsay rule, was substantially admitted elsewhere unobjected-to, and any perceived error was
harmless. Appellants Jack's and Brenda's point one is overruled.
      Brenda's points two and three assert that the trial court erred in terminating her parent-child
relationship with her two children because there is no clear and convincing evidence, or
insufficient clear and convincing evidence, that she knowingly placed or allowed the children to
remain in conditions which endangered their physical or emotional well-being.
      Brenda's points four and five assert that the trial court erred in terminating her parent-child
relationship with her two children because there is no clear and convincing evidence, or
insufficient clear and convincing evidence, that she engaged in conduct or knowingly placed the
children with persons who engaged in conduct which endangered their physical or emotional well-being.
       Brenda's point six asserts the trial erred in terminating her parent-child relationship with her
children because there was no clear and convincing evidence, or insufficient clear and convincing
evidence, justifying a finding by the trial court that termination of the parent-child relationship was
in the best interest of the children.
      Brenda raises "no evidence" or legal sufficiency points, and "insufficient evidence" or
factually-sufficiency points, in points two through six, supra.
      A "no evidence" or legal sufficiency point is a question of law. Tomlinson v. Jones, 677
S.W.2d 490, 492 (Tex. 1984). When reviewing a no evidence point, the court is to consider only
the evidence and reasonable inferences drawn therefrom which, viewed in their most favorable
light, supports the trial court's finding, disregarding all evidence and inferences to the contrary. 
Lewelling v. Lewelling, 796 S.W.2d 164, 166 (Tex. 1990).
      In reviewing a factual sufficiency point, the court is to consider all the evidence in the record,
including that which does not support the findings of the trial court. Plas-Tex, Inc. v. U.S. Steel
Corp., 772 S.W.2d 442, 445 (Tex. 1989). This court should set aside the verdict of the jury only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).
      The standard of proof which the jury was required to apply to its findings is the "clear and
convincing evidence" standard mandated in the Texas Family Code, § 11.15(b). Section 11.15(c)
defines "clear and convincing" evidence as the "measure or degree of proof that produces in the
minds of the trier-of-fact a firm belief or conviction as to the truth of allegations sought to be
established."
      Section 15.02(1)(D( of the Family Code provides: 
A petition requesting termination of the parent-child relationship with respect to the
parent who is not the petitioner may be granted if the court finds: (1) the parent has: (a)
knowingly placed or knowingly allowed the child to remain in conditions and
surroundings which endanger the physical or emotional well being of the child.

      Under § 15.02(1)(D) the state must show that the parent knowingly placed or permitted the
child to remain in an environment that endangers the child's physical or emotional well-being. 
The state must show that the child's living conditions pose a real threat of injury or harm. 
Williams v. Dept. of Human Services, 788 S.W.2d 922, 925 (Tex. App.—Houston [1st Dist.]
1990, no writ).
      The evidence reflects that the caregivers in the McCord home are an alcoholic father who is
given to abuse, an alcoholic and sometimes incarcerated mother, and an increasingly alcoholic
grandmother. The house is frequented by people who are drinking, fighting, and raising cain. 
Brenda's niece, with whom she suspected Jack was having sexual relations, is a frequent guest,
and has been assaulted by Brenda. The environment includes fights, drug use, and police
intervention. Officer Watson testified the home was not safe for children.
      Brenda contends that, because Joey was removed from the home at birth, there can be no
evidence showing that she placed him in unsafe conditions. Nonetheless, conditions warranting
the termination of parental rights to one child on § 15.02(1)(D) grounds can justify terminating
the parents' rights to other children. Zeigler v. Tarrant County Child Welfare Unit, 680 S.W.2d
674, 678 (Tex. App.—Fort Worth 1984, no writ).
      There is evidence that both children were born with Fetal Alcohol Syndrome as a result of
prenatal environment. The volatility of the home and the drunken conditions of its inhabitants
rendered it physically, as well as emotionally, unsafe and inadequate. The evidence clearly and
convincingly shows that Brenda knowingly placed and allowed her sons to remain in surroundings
which endangered their physical and emotional well-being.
      Brenda's points two and three are overruled.
      Section 15.02(1)(E) of the Family Code focuses on the conduct of the parent:
A petition requesting termination of the parent-child relationship with respect to a parent
who is not the petitioner may be granted if the court finds that: (1) the parent has (E)
engaged in conduct or knowingly placed the child with persons who engaged in conduct
which endangers the physical or emotional well-being of the child.

      In considering whether Brenda endangered the two children under § 15.02(1)((E), we must
examine the evidence which relates to Brenda's conduct as it related to the children. Williams v.
Dept. of Human Services, supra. The conduct examined should include what Brenda did both
before and after each child was born. Clark v. Clark, 705 S.W.2d 218, 219 (Tex. App.—Dallas
1985, no writ).
      The evidence is clear that Brenda's conduct endangered and physically and emotionally
harmed her children prenatally. Her alcoholism continues to endanger them after their birth, as
does her incarceration. Brenda admits drinking during her pregnancy even though she was told
it would cause harm to her unborn child. Even after she bore children with Fetal Alcohol
Syndrome, she continued to drink during subsequent pregnancies. She has been unable or
unwilling to complete recovery programs offered to her. Just as alcohol consumption endangered
Brenda's children before they were born, it continues to endanger them after birth. She becomes
drunk, angry and abusive, drives while intoxicated and becomes involved in fights and assaults. 
This conduct is dangerous to the physical and emotional health of the children. She is absent from
the children due to incarceration. Brenda assaulted her niece because she believed she was having
an affair with Jack. She had a knife fight with a cousin. When Brenda is incarcerated the children
are left with an alcoholic father and an alcoholic grandmother. The evidence is that Brenda's
parental rights to her five older children were terminated in 1987, and that the conditions giving
rise to that termination are ongoing and are still present.
      The evidence establishes § 15.02(1)(E) clearly and convincingly. Brenda's points four and
five are overruled.
      Finally, Brenda asserts in point six that there is no clear and convincing evidence to justify
a finding that termination is in the best interest of the children.
      Holley v. Adams, 544 S.W.2d 367, 372 (Tex. 1976), lists the factors which may be considered
in determining the best interest of the child: 
1.The desire of the child;
 
2.The emotional and physical needs of the child;
 
3.The emotional and physical danger to the child now and in the future;
 
4.The parental abilities of the individual seeking custody;
 
5.The programs available to assist these individuals or by the agency seeking custody;
 
6.The plans for the child by these individuals or by the agency seeking custody;
 
7.The stability of the home or the proposed placement;
 
8.The acts or omissions of the parent which may indicate that the existing child-parent
relationship is not a proper one; and
 
9.Any excuse for the acts or omissions of the parent.

      The children at the time of trial were being cared for by experienced licensed foster parents,
Sheila Brooks and her husband. The Brooks have two children of their own and have kept the
McCord children for about a year. Mrs. Brooks is taking excellent care of the two children; she
sees that they get the proper medical care, particularly in light of the many health problems
associated with Fetal Alcohol Syndrome. If the children were replaced in Brenda's care (she was
in jail at the time of trial and pregnant) she would be faced with raising two very disabled children. 
The trial court concluded that Brenda, who could not give up alcohol before it severely injured
her children prenatally, would not give up alcohol under the stress of caring for her children and
while additionally dealing with other family relationships.
      Under the record the court could have reached the conclusion that it is in the best interest of
the children to terminate Brenda's parental rights based on the emotional and physical needs of the
children now and in the future; the emotional and physical dangers to the children now and in the
future; the parental abilities of the Brooks, the programs and therapies now afforded the children
to assist in the promotion of their best interests; the plans for the children formulated by the Dallas
County Child Protective Services, in contrast to Brenda's plans which were to have Jack take the
children until she was released from jail and during the time she was in "detox" (for which she had
not yet applied); and the fact that her only excuse offered was her alcoholism which was itself the
main cause of her parental failings.
      We think clear and convincing evidence exists which supports the court's finding that the best
interests of the children would be in the termination of Brenda's parental rights.
      Point six is overruled and the judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 9, 1995
Do not publish