TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00393-CV






Robert Rojas, Sr., Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT


NO. C-95-0102-J, HONORABLE DICK ALCALA, JUDGE PRESIDING 






 Appellant Robert Rojas, Sr. appeals the trial court's judgment terminating his parent-child
relationship with his son pursuant to the Texas Family Code section 161.001. Tex. Fam. Code Ann. §
161.001 (West 1996). (1) In three points of error Rojas challenges the legal and factual sufficiency of the
evidence supporting the trial court's judgment that he (1) knowingly placed or knowingly allowed the child
to remain in conditions or surroundings which endangered the physical or emotional well-being of his son;
(2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which
endangered the physical or emotional well-being of the child; and (3) constructively abandoned his son. 
We will affirm the trial court's judgment.



BACKGROUND

 The child subject to this suit was born February 17, 1995, five days after Rojas and the
mother of the child, Joann Camarillo, were incarcerated for shoplifting. (2) Although Rojas and Camarillo
were never married, Rojas acknowledged that he was the child's father in a voluntary acknowledgment of
paternity. On February 20, 1995, the appellee Texas Department of Protective and Regulatory Services
(the "Department") removed the child from his mother under temporary orders granting the Department
temporary managing conservatorship and placed him into foster care where he currently remains. In April
1996, the Department brought this suit requesting termination of both Camarillo's and Rojas's parent-child
relationship. In March 1997, following Camarillo's execution of an affidavit relinquishing her parental rights
to the child and a hearing to determine whether Rojas's parent-child relationship should be terminated, the
court rendered judgment terminating the parent-child relationship of both Camarillo and Rojas. In that
same judgment the court also appointed the Department as managing conservator. Rojas alone appeals,
challenging both the legal and factual sufficiency of the evidence supporting the trial court's judgment. (3)


DISCUSSION

 In his first two points of error, Rojas argues that the evidence is legally or factually
insufficient to support the trial court's judgment that he knowingly placed or knowingly allowed his child
to remain in conditions or surroundings which endangered his child's physical or emotional well-being, and
that Rojas engaged in conduct, or knowingly placed his child with persons who engaged in conduct, which
endangered his child's physical or emotional well-being. Because the relevant facts regarding these issues
overlap significantly we will address these points together.

 Involuntary termination of parental rights is appropriate only when a court finds (1) one of
the enumerated criteria set out in the Family Code as grounds for termination is met, and (2) that the
termination is in the best interest of the child. Tex. Fam. Code Ann. § 161.001(1), (2). The Department
bears the burden of proving each element by clear and convincing evidence. See id.; In re G.M., 596
S.W.2d 846, 847 (Tex. 1980). In order to qualify as clear and convincing, the evidence must be of such
a measure or degree of proof as will produce in the mind of the trier of fact a firm belief or conviction as
to the truth of the allegations sought to be established. Tex. Fam. Code Ann. § 101.007 (West 1996); In
re J.J., 911 S.W.2d 437, 439 (Tex. App.--Texarkana 1995, writ denied). 

 In considering a challenge to the legal or factual sufficiency of the evidence, however, our
standard of review is governed by the general rules applicable to other civil cases. The clear and
convincing standard of proof for terminating parental rights does not change the standard of appellate
review. See In re J.J., 911 S.W.2d at 439, 440 n.1 (clear and convincing standard of proof required at
trial court level to terminate parental rights does not alter fundamental standard of appellate review); D.O.
v. Texas Dep't of Human Servs., 851 S.W.2d 351, 353 (Tex. App.--Austin 1993, no writ). Therefore,
in deciding a no-evidence point, we consider only the evidence and inferences tending to support the finding
of the trier of fact and disregard all evidence and inferences to the contrary. See Burroughs Wellcome Co.
v. Crye, 907 S.W.2d 497, 499 (Tex. 1995); Best v. Ryan Auto Group, Inc., 786 S.W.2d 670, 671
(Tex. 1990). We will uphold the finding if more than a scintilla of evidence supports it. Crye, 907 S.W.2d
at 499; Seideneck v. Cal Bayreuther Assocs., 451 S.W.2d 752, 755 (Tex. 1970); In re King's Estate,
244 S.W.2d 660, 661 (Tex. 1951). The evidence supporting a finding amounts to more than a scintilla if
reasonable minds could arrive at the finding given the facts proved in the particular case. Crye, 907
S.W.2d at 499; Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994); William Powers,
Jr. & Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515,
522 (1991). When determining whether the evidence is factually sufficient to support the judgment, we
must consider and weigh all the evidence and should set aside the judgment only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175,
176 (Tex. 1986); In re King's Estate, 244 S.W.2d at 661; see also Pool v. Ford Motor Co., 715
S.W.2d 629 (Tex. 1986). See generally Powers & Ratliff, 69 Tex. L. Rev. 515.

 Section 161.001 of the Family Code establishes the requirements for involuntary
termination of a person's parental rights. Relevant to Rojas's first two points of error are the following
provisions:


The court may order termination of the parent-child relationship if the court finds by clear
and convincing evidence: 


 (1) that the parent has:


 ...


 (D) knowingly placed or knowingly allowed the child to remain in conditions
or surroundings which endanger the physical or emotional well-being of the
child;


 (E) engaged in conduct or knowingly placed the child with persons who
engaged in conduct which endanger the physical or emotional well-being of
the child; 



Tex. Fam. Code Ann. §161.001.

 Rojas argues that because he never had physical possession of the child there is no way
he could have endangered the "physical or emotional well-being of the child" as required by section
161.001(D) & (E). We disagree.

 "Danger" to a child can be inferred from parental misconduct alone. Texas Dep't. of
Human Serv. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987) (disapproving court holding that danger could
not be inferred from parental misconduct). A parent's conduct both before and after a child is born is
relevant to the issue of endangerment. Dupree v. Tex. Dep't of Prot. and Reg. Servs., 907 S.W.2d 81,
84 (Tex. App.--Dallas 1995, no writ); Clark v. Clark, 705 S.W.2d 218, 219 (Tex. App.--Dallas 1985,
writ dism'd).

 The record shows that Rojas has a long criminal history that includes four assaults, two
burglaries, six thefts, forgery, fraud, drug possession, and two DWI's. He is currently serving a twenty-two
year sentence on the forgery conviction, and he is not scheduled for a formal review for parole until June
1, 1999. Moreover, the record shows that Rojas has been a drug addict for over twenty years and has
continued to use drugs even after the birth of his son. (4) Finally, despite Rojas's knowledge of Camarillo's
drug use, Rojas never encouraged nor took the initiative to ensure that Camarillo received prenatal care. 
The record shows that Camarillo's drug use and lack of prenatal care was "a contributing factor" to his
son's low birth weight and other medical problems such as chlamydia, unexplainable "spells of turning
blue," and possible future neurological problems. 

 Given all of this evidence, we hold that there was sufficient evidence to support the trial
court's judgment that Rojas knowingly placed or knowingly allowed his son to remain in conditions or
surroundings which endangered his son's physical or emotional well-being, and that Rojas engaged in
conduct or knowingly placed his son with persons who engaged in conduct which endangered his physical
or emotional well-being. See Dupree, 907 S.W.2d at 84-85 (father's incarceration, drug use, and failure
to encourage mother to seek prenatal care was sufficient evidence supporting trial court's judgment
terminating parent-child relationship); Harris v. Herbers, 838 S.W.2d 938, 942-43 (where all evidence,
including imprisonment, shows course of conduct that endangers child's physical or emotional well-being,
evidence is sufficient to terminate parent-child relationship). Moreover, we also hold that this evidence
sufficiently supports the trial court's judgment that termination of the parent-child relationship is in the child's
best interest. We overrule Rojas's first two points of error.


 Having found that the evidence was sufficient to support the trial court's judgment
terminating the parent-child relationship under section 161.001 (D) and (E), we need not consider Rojas's
third point of error. We affirm the trial court's judgment. 



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: February 12, 1998

Do Not Publish

1. Section 161.001 was subsequently amended by the 75th Legislature. See Act of May 31, 1997,
75th Leg., R.S., ch. 1022, § 60, 1997 Tex. Gen. Laws Serv. 3758 (West 1997). However, because this
case was tried in March 1997, the amended statute does not apply. 
2. Camarillo was transferred from Tom Green County jail to Shannon Hospital to deliver her child.
3. Camarillo does not challenge the judgment on appeal.
4. Rojas tested positive for cocaine and opiates on August 11, 1995.


>



Tex. Fam. Code Ann. §161.001.

 Rojas argues that because he never had physical possession of the child there is no way
he could have endangered the "physical or emotional well-being of the child" as required by section
161.001(D) & (E). We disagree.

 "Danger" to a child can be inferred from parental misconduct alone. Texas Dep't. of
Human Serv. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987) (disapproving court holding that danger could
not be inferred from parental misconduct). A parent's conduct both before and after a child is born is
relevant to the issue of endangerment. Dupree v. Tex. Dep't of Prot. and Reg. Servs., 907 S.W.2d 81,
84 (Tex. App.--Dallas 1995, no writ); Clark v. Clark, 705 S.W.2d 218, 219 (Tex. App.--Dallas 1985,
writ dism'd).