IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00017-CV

 

In re
Kenneth Micheal Riggs

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

          The parties have filed an agreed motion to dismiss because they
have settled the underlying dispute.  Accordingly, this proceeding is
dismissed.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Proceeding dismissed

Opinion delivered and
filed March 29, 2006

[OT06]








 






ng Stanley
v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551
(1972)).  Therefore, in a case terminating parental rights, the proceedings are
strictly scrutinized, and the involuntary termination statutes are strictly
construed in favor of the parent.  Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985).

Termination of parental rights is a
drastic remedy and is of such weight and gravity that due process requires the
petitioner to justify termination by “clear and convincing evidence.”  Spangler
v. Tex. Dep’t of Prot. & Reg. Servs., 962 S.W.2d 253, 256 (Tex. App.—Waco 1998, no pet.).  This standard is defined as “that measure or degree of
proof which will produce in the mind of the trier of fact a firm belief or
conviction as to the truth of the allegations sought to be established.”  Id.  In a proceeding to terminate the parent-child relationship brought under
section 161.001 of the Texas Family Code, the movant must establish by clear
and convincing evidence two elements:  (1) one or more acts or omissions
enumerated under subsection (1) of section 161.001 (termed a predicate
violation); and (2) that termination is in the best interest of the child.  Tex. Fam. Code Ann. § 161.001 (Vernon
2009); Swate v. Swate, 72 S.W.3d 763, 766 (Tex. App.—Waco 2002, pet.
denied).  The factfinder must find that both elements are established by clear
and convincing evidence, and proof of one element does not relieve the
petitioner of the burden of proving the other.  Holley v. Adams, 544
S.W.2d 367, 370 (Tex. 1976); Swate, 72 S.W.3d at 766.

Tashawna’s Issues

The trial court found two predicate
violations under section 161.001(1) for Tashawna:  (1) that she engaged in
conduct or knowingly placed A.S. with persons who engaged in conduct that
endangered the physical or emotional well-being of the child (see Tex. Fam. Code Ann. § 161.001(1)(E));
and (2) that she knowingly engaged in criminal conduct that resulted in her
conviction of an offense and confinement or imprisonment and inability to care
for A.S. for not less than two years from the date of filing the petition.  See
id. § 161.001(1)(Q).  In two issues, Tashawna challenges the legal and
factual sufficiency of the evidence to support these findings.

Both legal and factual sufficiency
reviews in termination cases must take into consideration whether the evidence
is such that a factfinder could reasonably form a firm belief or conviction
about the truth of the matter on which the petitioner bears the burden of
proof.  In re J.F.C., 96 S.W.3d 256, 264-68 (Tex. 2002) (discussing
legal sufficiency review); In re C.H., 89 S.W.3d 17, 25 (Tex. 2002) (discussing factual sufficiency review).

In a legal sufficiency review, a court
should look at all the evidence in the light most favorable to the finding to
determine whether a reasonable trier of fact could have formed a firm belief or
conviction that its finding was true.  To give appropriate deference to the
factfinder’s conclusions and the role of a court conducting a legal sufficiency
review, looking at the evidence in the light most favorable to the judgment
means that a reviewing court must assume that the factfinder resolved disputed
facts in favor of its finding if a reasonable factfinder could do so.  A
corollary to this requirement is that a court should disregard all evidence
that a reasonable factfinder could have disbelieved or found to have been
incredible.  

 

J.F.C., 96 S.W.3d at 266.

            In conducting a factual
sufficiency review, “a court of appeals must give due consideration to evidence
that the factfinder could reasonably have found to be clear and convincing.”  Id.

[T]he inquiry must be “whether the
evidence is such that a factfinder could reasonably form a firm belief or
conviction about the truth of the State’s allegations.”  A court of appeals
should consider whether disputed evidence is such that a reasonable factfinder
could not have resolved that disputed evidence in favor of its finding.  If, in
light of the entire record, the disputed evidence that a reasonable factfinder
could not have credited in favor of the finding is so significant that a
factfinder could not reasonably have formed a firm belief or conviction, then
the evidence is factually insufficient.  

 

Id. at
266-67 (footnotes and citations omitted).

            We begin by addressing
Tashawna’s challenge to the legal and factual sufficiency of the evidence to
support the court’s finding under subsection 161.001(1)(E).  Subsection E
states that the court may order termination of the parent-child relationship if
the court finds by clear and convincing evidence that the parent has engaged in
conduct or knowingly placed the child with persons who engaged in conduct which
endangers the physical or emotional well-being of the child.  Tex. Fam. Code Ann. §
161.001(1)(E).

To endanger means to expose to loss or
injury, to jeopardize.  Tex. Dep’t of Human Servs. v. Boyd, 727
S.W.2d 531, 533 (Tex. 1987); see also In re M.C., 917 S.W.2d 268, 269 (Tex. 1996).  Under subsection E, the relevant inquiry is whether there was evidence presented
that the endangerment of the child’s well-being was the direct result of the
parent’s conduct, including acts, omissions, or failures to act.  In re
K.A.S., 131 S.W.3d 215, 222 (Tex. App.—Fort Worth 2004, pet. denied); Dupree
v. Tex. Dep’t of Prot. & Reg. Servs., 907 S.W.2d 81, 83-84 (Tex. App.—Dallas 1995, no writ).  Termination under subsection E must be based on more than
a single act or omission; a voluntary, deliberate, and conscious course of
conduct by the parent is required.  In re S.A.P., 169 S.W.3d 685, 702 (Tex. App.—Waco 2005, no pet.); In re J.T.G., 121 S.W.3d 117, 125 (Tex. App.—Fort
Worth 2003, no pet.).

While “endanger” means more than a
threat of metaphysical injury or the possible ill effects of a less-than-ideal
family environment, it is not necessary that the parent’s conduct be directed
at the child or that the child actually suffers injury.  Boyd, 727
S.W.2d at 533.  Endangerment may include what a parent does both before and
after birth of a child.  In re U.P., 105 S.W.3d 222, 234 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); accord Avery v. State, 963
S.W.2d 550, 553 (Tex. App.—Houston [1st Dist.] 1997, no writ).

In this case, Tashawna testified that on
February 25, 2007, she, Antoine, and another of their children came to Texas
from California.  At that time, there was an open CPS case in California, and
CPS in California was attempting to locate Tashawna.  On March 24, 2007, the
child was killed in Texas.  Antoine pleaded guilty to the murder of the child
and was sentenced to life in prison.  Tashawna was convicted of the offense of
injury to a child in connection with the child’s death and was assessed a
punishment of thirty years’ imprisonment.  On December 13, 2007, approximately
two months before her conviction, Tashawna was taken from jail to the hospital,
where she gave birth to A.S.  A.S. was immediately removed from Tashawna’s care
at the hospital.

Tashawna argues that the evidence is
legally and factually insufficient to support the court’s finding under subsection
E because the death of her other child was a single incident, rather than a
course of conduct that endangered the well-being of A.S.  However, the above evidence
is legally and factually sufficient for a reasonable factfinder to form a “firm
belief or conviction” that Tashawna engaged not just in a single act or
omission that endangered A.S.’s physical or emotional well-being, but in a
course of conduct that endangered A.S.’s physical or emotional well-being.

While mere imprisonment, standing alone,
does not constitute conduct endangering the emotional or physical well-being of
a child, it may contribute to a finding that the parent engaged in a course of
conduct endangering the child and supports termination of parental rights under
subsection E.  Boyd, 727 S.W.2d at 533-34.  Furthermore, although Tashawna
complains in her brief that there was no testimony at the hearing that A.S. had
been conceived at the time of the other child’s death, she acknowledges that
there is evidence that A.S. was born only eight months and nineteen days after
the death of the other child.  A parent’s conduct with regard to other children
can be used to support a finding of endangerment even against a child who was
not yet born at the time of the conduct.  In re D.T., 34 S.W.3d 625,
636-37 (Tex. App.—Fort Worth 2000, pet. denied); see Clark v. Clark, 705 S.W.2d 218, 219 (Tex. App.—Dallas 1985, writ dism’d) (father’s conduct in
killing stepdaughter before conception of child considered as evidence of
conduct which endangered the physical or emotional well-being of child).  Thus,
we overrule Tashawna’s first issue.

Because only one predicate violation
under section 161.001(1) is necessary to support a termination judgment, we
need not address Tashawna’s second issue.  See Tex. R. App. P. 47.1; In re T.N.F., 205 S.W.3d 625,
629 (Tex. App.—Waco 2006, pet. denied).

 

Antoine’s Issue

            In his sole issue, Antoine contends
that the trial court erred in appointing the Department of Family and
Protective Services (DFPS) as permanent managing conservator of A.S. when a qualified
relative was willing and able to care for the child.  However, Antoine lacks
standing to assert this complaint because he does not contest the termination
of his parental rights.

Because Antoine did not appeal the trial
court’s findings terminating his parental relationship with A.S., he is bound
by those findings.  Antoine has thus become a former parent with no legal
rights with respect to A.S.  See Tex.
Fam. Code Ann. § 161.206(b) (Vernon 2009) (“[A]n order terminating the
parent-child relationship divests the parent and the child of all legal rights
and duties with respect to each other, except that the child retains the right
to inherit from and through the parent unless the court otherwise provides.”). 
Having no legal rights with respect to A.S., Antoine has no standing to attack
that portion of the termination order appointing DFPS as permanent managing
conservator of A.S.  See In re H.M.M., 230 S.W.3d 204, 204-05 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding mother did not have standing to
appeal post-termination custody decision when she did not appeal the
termination of her parental rights); see also In re R.A., No.
07-08-0084-CV, 2009 WL 77853, at *2 (Tex. App.—Amarillo Jan. 13, 2009, no pet.)
(mem. op.); In re S.M.C., No. 07-04-0429-CV, 2005 WL 441538, at *1 (Tex. App.—Amarillo Feb. 25, 2005, no pet.) (mem. op.).  We overrule Antoine’s sole issue.




Conclusion

We affirm the termination order.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

            (Chief
Justice Gray concurs in the Court’s judgment to the extent it affirms the trial
court’s judgment.  He does not join the opinion, and disagrees with the
statement that Section 161.001(1)(E) must, in all cases, be based on more than
a single act or omission.  I could imagine single acts sufficient for
termination.  A separate opinion will not issue.)

Affirmed

Opinion
delivered and filed October 28, 2009

[CV06]