# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00169-CV

**T. R. and B. R., Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT**
**NO. D-1-FM-10-000506, HONORABLE RHONDA HURLEY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellants T.R. and B.R. filed notices of appeal from the judgment and decree terminating their parental rights to five children. Appellants' appointed attorneys have filed *Anders*-style briefs stating that, after conscientiously examining the record, they have found no argument that could possibly persuade the court to reverse or modify the judgment. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646 (Tex. App.—Austin 2005, pet. denied). Both appellants' attorneys seek to withdraw as counsel. The attorney ad litem for the children has filed a brief concurring with appellants' attorneys' determination that this appeal is frivolous. Neither appellant has filed a pro se brief. After reviewing the record, we find that the appeal is frivolous as to each appellant, we grant both appellants' attorneys' motions to withdraw as counsel, and we affirm the judgment terminating the parental rights of both appellants as to all five children.

**Standard of review for sufficiency challenges in parental-rights termination cases**

A trial court can involuntarily terminate a parent-child relationship only if the court finds by clear and convincing evidence (1) that the parent has committed an act or omission statutorily deemed to warrant termination, and (2) that termination of the relationship is in the child's best interest. Tex. Civ. Prac. & Rem. Code Ann. § 161.001 (West Supp. 2011). Under the charge presented at trial, the jury found by clear and convincing evidence that termination of appellants' parental rights was in the children's best interest and that at least one of the following statutory grounds warranting termination was present in this case:

(1) [appellants] engaged in conduct or knowingly placed the child [] with persons who engaged in conduct which endangered the physical or emotional well-being of the child; or

(2) [appellants] knowingly placed or knowingly allowed the child [] to remain in conditions or surroundings which endangered the physical or emotional well-being of the child.

*See* Tex. Civ. Prac. & Rem. Code Ann. § 161.001(D), (E) (West Supp. 2011). To "endanger" means to expose the child to loss, injury, or danger. *In re M.C.*, 917 S.W.2d 268, 269 (Tex. 1996). The endangering conduct does not have to occur in the presence of the child. *Clark v. Clark*, 705 S.W.2d 218, 219 (Tex. App.—Dallas 1995, writ dism'd). The best interests of the children are assessed on an array of factors, including those described by the Texas Supreme Court in *Holley*

*v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).[1] We will briefly summarize significant evidence from the trial.

The appellants had a history of family violence preceding the event that led to this removal of their five children: a boy born in 1996, a girl born in 1997, a boy born in 1999, and twin girls born in 2003. T.R. was charged with domestic violence in 1998 for hitting B.R. and breaking her nose. Another time, T.R. slapped B.R. in front of their children. There was evidence that T.R. occasionally lost control while spanking their older boy, and he gave the boy a black eye in 2004 during a discipline session. The older boy told a psychologist that his parents once held a knife to his throat. Other witnesses noted that one of the twins played with knives an unusual amount. The Department found reason to believe other incidents of physical abuse of the children occurred in November 2004, January 2005, and February 2005. The Department investigated and removed the children from B.R. and T.R. in 2005. Appellants underwent counseling and parenting classes, after which the children were returned to them.

The evidence was undisputed that, in 2010, T.R. and B.R. beat their twelve-year-old daughter when they discovered that she had skipped school to go to a mall and then lied to them. T.R. publicly and profanely berated the girl in her in-school suspension classroom when he and B.R. came to pick the child up early. When they got home, T.R. hit the child so hard that she fell. B.R.

---

[1] The non-exclusive best-interest factors gleaned from *Holley v. Adams* are: (1) the child's desires, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the persons seeking custody, (5) programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the parent's acts or omissions. The *Holley* factors are not exhaustive, and there is no requirement that all factors be proved as a condition precedent to parental termination. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002).

then began to question the child and, when the answers were unsatisfying, pushed her and hit her on the arm and back more than ten times with an open hand. B.R. then spanked the child with a belt repeatedly—at first on her buttocks and then, when the child moved, B.R. struck her "wherever the belt had landed" including on her face an unspecified number of times. When the belt flew out of her hand, B.R. hit the child with a shoe an unspecified number times, at least once in the forehead.[2] The child tried to leave the house, but T.R. intercepted her. There was testimony that he may have put his hands around the child's throat, squeezed for about thirty seconds, and then thrown her to the ground. Photos of the child after the beating were admitted at the trial.

The Department first removed only the girl who was beaten but, after considering the facts and family history, the Department decided that the remaining children were in danger and removed them, too. The parents' assault on their daughter led to criminal charges, guilty pleas, and probated sentences. Both parents described the incident as abuse and both expressed remorse. They agreed to probation orders that restricted them to supervised visits with their children for seven years.

Other evidence regarding the parents' care for the children and the children's best interests was more mixed. Appellants met with teachers, said they valued education, helped with school events and sports practices, and, after the children were removed, completed improvement classes. Therapists testified that appellants were making progress, that the children were happy to see them and wanted to return home eventually,[3] but that the parents had not improved enough to retake their children. There was testimony, however, that the children feared their parents

---

[2] T.R. testified that he walked out of their home periodically during these events as he was trying to implement the anger-management classes he took during the 2005 removal.

[3] There was also testimony that the oldest girl did not want to return home and wanted to be adopted.

might harm them. The older boy reportedly had contemplated suicide before being removed. The oldest daughter told the psychologist that her parents threatened to kill her and that she did not want to return to them. One of the younger girls reportedly became ill from nervousness about a supervised visit with her parents, although another witness testified that the child was merely sick. The Department caseworker testified that, although appellants and their children love each other, she concurred with the children's reported worry that their parents would abuse them if the family was reunited.

We have reviewed the record. Although there was conflicting evidence, the record contains more than sufficient evidence for a reasonable fact-finder to form a firm conviction or belief from the evidence presented that grounds exist for termination and that termination is in the best interest of the child. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002) (legal sufficiency of the evidence); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency of the evidence). Our review of the record reveals no possible basis for reversal on this record, and we conclude that this appeal is frivolous as to both parents.

We affirm the judgment terminating appellants' parental rights as to all five children. We grant appellants' attorneys' motions to withdraw as counsel for appellants.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Puryear and Rose

Affirmed

Filed: May 2, 2012