# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00560-CV

**K. H., Appellant**

v.

**Texas Department of Family and Protective Services, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT NO. 241,699-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

K.H. filed a notice of appeal from the decree terminating her parental rights to E.S., a child born in 2009.[1]  K.H.'s appointed attorney has filed an *Anders*-style brief asserting that he can find no arguable point for appeal.  *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646 (Tex. App.—Austin 2005, pet. denied).  He requests that we allow him to withdraw as counsel for appellant.  Appellee Texas Department of Family and Protective Services filed a brief agreeing with counsel's brief and motion.  K.H. has not filed a brief responding to either.  We will affirm the termination decree and grant the motion to withdraw as counsel.

A trial court can involuntarily terminate a parent-child relationship only if the court finds by clear and convincing evidence (1) that the parent has committed an act or omission

---

[1] The child's father relinquished his parental rights and does not appeal the judgment.

statutorily deemed to warrant termination, and (2) that termination of the relationship is in the child's best interest. Tex. Civ. Prac. & Rem. Code Ann. § 161.001 (West Supp. 2011). The trial court found by clear and convincing evidence that appellant engaged in conduct or knowingly placed E.S. with persons who engaged in conduct that endangered the child's physical or emotional well-being of the child. *See id.* § 161.001(E). To "endanger" means to expose the child to loss, injury, or danger. *In re M.C.*, 917 S.W.2d 268, 269 (Tex. 1996). The endangering conduct does not have to occur in the presence of the child. *Clark v. Clark*, 705 S.W.2d 218, 219 (Tex. App.—Dallas 1995, writ dism'd). The best interests of the children are assessed on an array of factors. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).[2]

The trial of this case was held without a jury. Many witnesses testified over the course of several months. Appellant admitted using methamphetamines intermittently for an eight-year period following the birth of her first child. Although she testified that she stopped using methamphetamines upon learning that she was pregnant with E.S., appellant admitted she used the drug the night before she gave birth to E.S. one month early. E.S. was removed from appellant's care at almost ten months of age when appellant and the child's father tested positive for methamphetamine use. Appellant then admittedly used methamphetamines almost daily for the next

---

[2] The non-exclusive best-interest factors gleaned from *Holley v. Adams* are: (1) the child's desires, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the persons seeking custody, (5) programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the parent's acts or omissions. The *Holley* factors are not exhaustive, and there is no requirement that all factors be proved as a condition precedent to parental termination. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002).

two to three months. Appellant said that she suffered several instances of physical abuse from the child's father while E.S. was in the same residence, although not always in the same room where the violence occurred. Appellant eventually left the child's father and began engaging in services prescribed by the Department to improve her life and parenting skills, including drug rehabilitation. Although she attended visits with the child, completed some services, obtained a job, and allegedly obtained her GED, she failed to provide documentation of her income or completion of her GED despite direction and opportunities to do so. There was evidence that appellant had not used methamphetamines for several months at the time of her testimony. Midway through the several months of testimony, however, appellant tested positive for use of a controlled painkilling medication that a relative gave her.

We have reviewed the record and agree that this appeal is frivolous. We grant appellant's attorney's motion to withdraw as attorney and we affirm the judgment terminating appellant's parental rights to E.S.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: June 1, 2012

3