# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00354-CV

**K.C. and O.B., Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
NO. 239,406-B, HONORABLE RICK MORRIS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

K.C. and O.B. filed notices of appeal from the decree terminating their parental rights to their two children.[1] K.C.'s appointed attorney has filed an *Anders*-style brief in which he states that his examination of the record revealed that K.C.'s appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646 (Tex. App.—Austin 2005, pet. denied). He has also filed a motion requesting that we allow him to withdraw as counsel. K.C. has not filed a brief or other response. O.B. complains by his sole point of error that the trial court erred by not submitting a question to the jury that would have allowed them to name his sister the children's possessory conservator. His sister, T.B., who intervened at the trial court and participated as a witness and through counsel in the trial, has not appealed the decree. We will affirm the decree.

---

[1] The suit originally concerned a third child born to K.C. and another father. Issues concerning that child were resolved by a separate previous decree in the trial court.

## BACKGROUND

The Department filed this suit in October 2009. O.B. has a lengthy criminal history and, in addition to felony convictions, K.C. has a history of drug use, rehabilitation, and relapse. When this suit was filed, O.B. was in prison for sexual assault of a fifteen-year-old girl (which resulted in the birth of one of O.B.'s ten children). Although there was no evidence that K.C. physically harmed the children, testimony revealed that her relapse into cocaine use caused her to neglect proper supervision of her children. She sold food stamps intended for the children to buy drugs for herself. Neither parent performed the services required by the Department to regain custody of the children.

The children who are the subjects of the decree appealed here were born in 2002 and 2004. The children lived in a series of different living arrangements. They lived with K.C.'s mother from 2006 to roughly April of 2009 when they went to live with K.C. The children returned to K.C.'s mother shortly after this case began, but K.C.'s mother encountered health challenges. The Department then placed the children with T.B., O.B.'s sister. T.B. moved to a different town and then changed apartments in an effort to comply with what she understood to be the Department's requirements. She did not, however, keep the Department apprised of her changing address. While she was working, she also occasionally left the children in the care of another brother who, according to the children, spanked them with a belt.[2] The brother is a convicted felon and not someone the Department's employees believed should be in charge of the children. The children then went to live with their half-brother's father and his wife before the man's health problems caused him to be

_____

[2] Other witnesses denied that spankings with a belt occurred.

2

unable to care for all the children.  K.C. and O.B.'s children together then went into foster care, where they remain.

## STANDARD OF PROOF IN PARENTAL RIGHTS TERMINATION CASES

A trial court can involuntarily terminate a parent-child relationship only if the court finds by clear and convincing evidence (1) that the parent has committed an act or omission statutorily deemed to warrant termination, and (2) that termination of the relationship is in the child's best interest.  Tex. Civ. Prac. & Rem. Code Ann. § 161.001 (West Supp. 2011).  The jury answered "yes" to broad-form questions asking whether each parent's rights should be terminated.  In so doing, the jury found by clear and convincing evidence that appellants (1) knowingly placed or knowingly allowed the children to remain in conditions and surroundings that endangered their physical or emotional well-being, (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered their physical or emotional well-being, (3) that K.C. constructively abandoned the children, and/or (4) that O.B. filed an unrevoked or irrevocable affidavit relinquishing his parental rights.  *See id*.  To "endanger" means to expose the child to loss, injury, or danger.  *In re M.C.*, 917 S.W.2d 268, 269 (Tex. 1996).  The endangering conduct does not have to occur in the presence of the child.  *Clark v. Clark*, 705 S.W.2d 218, 219 (Tex. App.—Dallas 1995, writ dism'd).  The jury also found that termination is in the best interest of each child.  The best interests of the children are assessed on an array of factors, some of which are listed in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).

**Termination of K.C.'s parental rights**

We agree with K.C.'s counsel's assessment that her appeal is frivolous. The testimony about her drug abuse and resulting neglect of the children is undisputed. Along with the evidence of her inability to stay off drugs and the inability to provide a long-term, stable alternative placement, this testimony provides the evidence necessary to support termination of her parental rights. No reversible error is apparent on the face of the record.

**Termination of O.B.'s parental rights**

O.B. complains that the trial court erred by failing to submit a question regarding the appointment of his sister, T.B., as possessory conservator of the children. In addition to the termination questions regarding appellants, the trial court submitted a question as to who should be appointed managing conservator for the children. Although T.B. was presented as one of the options, the jury recommended naming the Department the children's managing conservator.

O.B. does not challenge the findings underlying the order terminating his rights. He signed a relinquishment of his parental rights in which he purports to give his parental rights to his sister, but his affidavit does not make his relinquishment conditional on judicial conferral or consideration of possessory or managing conservatorship or parental rights to his sister. At trial, he stated that he wanted his sister to take care of the children, but his affidavit does not make his relinquishment conditional upon that happening. Further, the evidence is undisputed that O.B.'s imprisonment left the children with K.C., whose drug problems he knew about. Testimony that termination of his parental rights in the best interests of the children is undisputed. The record contains sufficient evidence to support termination of his rights.

His sole issue on appeal does not require reversal. An appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). O.B. has not shown how omission of a jury question regarding his sister—who was in the suit as an intervenor and was represented by counsel—harmed him. We are also not persuaded that O.B. can raise this issue when T.B. has not raised the complaint herself. Further, a party must complain to the trial court of the omission of a jury question in some fashion when the charge is prepared in order to preserve the complaint for appeal. *See Wilgus v. Bond*, 730 S.W.2d 670, 671 (Tex. 1987); *see also* Tex. R. Civ. P. 274. There is no indication that O.B. (or his sister) presented this complaint to the trial court timely to preserve it for our review. O.B. has not presented error requiring reversal of the decree terminating his parental rights.

## CONCLUSION

We affirm the judgment terminating the parental rights of K.C. and O.B. to their two children together who are the subject of this appeal.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: July 26, 2012